**ORAL ARGUMENT NOT YET SCHEDULED**

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF ENERGY, and CHRIS WRIGHT, Secretary, UNITED STATES DEPARTMENT OF ENERGY<br><br>    Respondents. | )<br>)<br>)<br>) Case No. 25-1159<br>) (Consolidated<br>) with 25-1160<br>) and 25-1162)<br>)<br>)<br>) |

**PETITIONERS' UNOPPOSED MOTION TO ESTABLISH
BRIEFING SCHEDULE AND FORMAT**

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Petitioners[1] respectfully request that the Court establish the briefing schedule and format laid out below. Petitioners conferred with counsel for Respondents Department of Energy and Secretary of Energy Chris Wright (collectively "Department of Energy") and Movant-Intervenors, Midcontinent Independent System Operator (MISO) and the Maryland Office of People's Counsel, and they have no objections to Petitioners' proposal. Petitioners also respectfully request that

---

[1] Petitioners are, in No. 25-1159, People of the State of Michigan; in No. 25-1160, Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Union of Concerned Scientists, Ecology Center, and Urban Core Collective (collectively, "Public Interest Organization Petitioners"); in No. 25-1162, State of Minnesota and State of Illinois.

the Court set oral argument for this case for the earliest available sitting following the completion of briefing and no later than May 2026. Respondents take no position on Petitioners' request regarding argument scheduling.

## BACKGROUND

These consolidated petitions challenge a Department of Energy order that compels ongoing operations of the J.H. Campbell coal-fired power plant in West Olive, Michigan. The Campbell Plant's owner, Consumers Energy Company, had been preparing to retire the plant on May 31, 2025, pursuant to a legally binding settlement agreement approved by the Michigan Public Service Commission and the grid operator MISO. But days before the Campbell Plant was set to close, the Department of Energy issued Order No. 202-25-3 (May 23, 2025) ("May Order"), asserting that an emergency existed under Section 202(c) of the Federal Power Act, 16 U.S.C. § 824a(c), and instructing MISO and Consumers Energy to continue operating the plant until August 21, 2025. *See* Pet. for Rev., Ex. A, *Sierra Club v. DOE*, Case No. 25-1160 (D.C. Cir. July 28, 2025), ECF No. 2127456. The Order claimed that mandating operation of Campbell beyond its retirement date is "necessary to best meet the emergency" of "insufficiency of dispatchable capacity and anticipated demand during the summer months" in the region. *Id.* at 2.

Petitioners timely requested administrative rehearing of that Order, arguing that it was an unlawful exercise of the Department's emergency authority under

2

Section 202(c) causing ongoing harm. Three groups of Petitioners petitioned for review of the Order on July 24 and July 28, 2025, after meeting the Federal Power Act's administrative exhaustion requirements. *See* 16 U.S.C. § 825*l*(a), (b). The Court consolidated those three petitions on July 28, 2025.[2]

On August 20, 2025, one day before the May Order expired, the Department issued Order No. 202-25-7 ("August Renewal"), which required continued operation of the Campbell Plant for another ninety days. The August Renewal explained the Department's view that "[t]he emergency conditions that led to the issuance of Order No. 202-25-3 continue, both in the near and long term," through 2030. Pet. for Rev., Ex. A at 2, 5, *Sierra Club v. DOE*, Case No. 25-1198 (D.C. Cir. Oct. 9, 2025), ECF No. 2139611.

On October 9, 2025, after their timely request for administrative rehearing of the August Renewal was deemed denied, the Public Interest Organization Petitioners filed their petition for review of that renewal order in this Court. *See Sierra Club v. DOE*, Case No. 25-1198. Requests for administrative rehearing of the August Renewal by Michigan, Minnesota, and Illinois are pending in front of the Department. If the Department does not act on their rehearing requests, Michigan

---

[2] On September 8, 2025, the Department issued Order No. 202-25-3B, addressing Petitioners' arguments raised on rehearing of the May Order. That amended rehearing order is within the scope of the instant case. *See Evergy Kansas Cent., Inc. v. FERC*, 77 F.4th 1050, 1054–55 (D.C. Cir. 2023).

3

can file a petition for review on October 14, 2025, and Illinois and Minnesota can file a petition for review on October 20, 2025. Petitioners intend to request consolidation of their petitions challenging the August Renewal with those challenging the original May Order.

## UNOPPOSED PROPOSED BRIEFING SCHEDULE AND FORMAT

Petitioners respectfully ask the Court to adopt the following briefing schedule and format:

| Event | Date | Word Limit |
|---|---|---|
| Petitioners' Opening Briefs | December 19, 2025 | 26,000 words total, divided between two briefs |
| Intervenor-Petitioner's Brief, if any | December 19, 2025 | 9,100 words |
| Department of Energy's Brief | February 24, 2026 | 26,000 words |
| Intervenor-Respondent's Brief, if any | February 24, 2026 | 9,100 words |
| Petitioners' Reply Brief | March 17, 2026 | 26,000 words total, divided between two briefs |
| Intervenor-Petitioner's Reply Brief, if any | March 17, 2026 | 4,550 words |
| Joint Appendix | March 17, 2026 | N/A |
| Final Briefs | March 20, 2026 | N/A |

This briefing schedule ensures timely consideration of the issues in this case, while being consistent with the time periods given in the Federal Rules of Appellate Procedure, the D.C. Circuit Rules, the D.C. Circuit *Handbook of Practice and Internal Procedures*, and the Court's past practice. And this schedule provides the

Department of Energy more than double the default time to respond to opening briefs, granting sixty-seven days instead of thirty days, Fed. R. App. P. 31(a)(1); *see also Handbook of Practice and Internal Procedures* 37, to accommodate the scheduling needs of counsel for the Department.

The schedule also reflects Petitioners' need to have the case calendared for oral argument as soon as possible, and no later than Spring 2026. *See* Handbook of Practice and Internal Procedures 37 ("Typically, the final brief will be due at least 45 days before the argument date."). Timely resolution of the question whether the Department of Energy can lawfully invoke Section 202(c) to require Campbell's continued operation is important because the Department has given every indication that it is going to issue such orders indefinitely: The Department has cited an alleged energy emergency forecasted for the next five years as a justification for compelling the Campbell Plant to operate. *See supra* at 3. Petitioners expect that any such renewal, which may occur on regular ninety-day intervals, will also be unlawful and present the same legal questions presented here. But absent a briefing schedule that permits oral argument this spring—rather than slipping into the fall of 2026 or later—those questions and the ensuing harms to Petitioners will remain unresolved

for years, even as the Department continues to renew its order preventing Campbell's closure.³

Timely resolution of the issues presented in these consolidated cases will limit at least three different types of ongoing harm to Petitioners. First, the Campbell Plant is a significant source of air and water pollution, harming people in Michigan, those in neighboring states Minnesota and Illinois, and members of Public Interest Organization Petitioners who live near or downwind of the plant. *See, e.g.*, Mich.'s Pet. for Rev. 12, ECF No. 2127208. Second, the Campell Plant is also expensive to maintain and run, which means Michigan consumers will pay more for electricity because of these orders. *See* Mich.'s Dkt'g Statement at 5, ECF No. 2131893. Finally, the Department of Energy's continued use of these orders undermines prior and future long-term resource planning. Michigan's current long-term resource plans are premised upon Campbell's retirement, which the Michigan Attorney General, most of the Public Interest Organization Petitioners, and Consumers Energy negotiated in 2022. *See* Pet. for Rev., Ex. B at 19–22, *Sierra Club v. DOE*, Case No. 25-1160 (D.C. Cir. July 28, 2025), ECF No. 2127456. The Department's orders will significantly hamper the State's ability to govern its generation resources, including

---

³ If the Department keeps up its current pace, orders would be expected in November 2025, February 2026, and May 2026.

when Consumers Energy files its updated Integrated Resource Plan in June 2026.[4] In light of these ongoing burdens, Petitioners believe that prompt briefing and argument, as set forth in the schedule above, is warranted.

With regard to the length of briefs, Petitioners respectfully request that the Court allocate 26,000 words to the Public Interest Organization Petitioners and the State Petitioners to be shared between two opening briefs, and 13,000 words to be shared between two reply briefs. Petitioners believe two standard-length briefs are necessary because the states and private petitioners have distinct sets of interests and harms, which will need to be separately elaborated for purposes of establishing standing. Further, the case concerns overlapping but distinct orders from the Department of Energy and involves a complex statutory and regulatory framework. *See also* D.C. Cir. Rule 28(d)(4) (exempting intervenor states from an obligation to "join in a single brief to the extent practicable"). Petitioners will endeavor to avoid duplicative or excessive briefing through as much coordination as feasible.

---

[4] An Integrated Resource Plan (IRP) is a projection of the utility's load obligations and a plan to meet those obligations and "all applicable state and federal reliability and environmental regulations over the ensuing term of the plan." Mich. Comp. Laws § 460.6t(3). The utility's IRP is then subjected to a contested case proceeding, after which the Michigan Public Service Commission decides whether to approve or reject the plan. *Id*. § 460.6t(8).

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court issue an order setting the above briefing schedule and format.  Petitioners also respectfully request that the Court set oral argument for this case for the earliest available sitting following the completion of briefing and no later than May 2026.

Dated: October 10, 2025                                    Respectfully Submitted,

[Continued for signatures.]

Dana Nessel,
Michigan Attorney General

*/s/ Michael Moody*
Michael E. Moody (DC Cir. 66350)
Lucas Wollenzien (P86928)
Assistant Attorneys General
Special Litigation Division
P.O. Box 30755
Lansing, MI 48909
517-335-7627
MoodyM2@michigan.gov
WollenzienL@michigan.gov

Christopher M. Bzdok (P53094)
Special Assistant Attorney General
chris@tropospherelegal.com

*Counsel for the People of the State of Michigan*

*/s/ Gregory E. Wannier*
Gregory E. Wannier (DC Cir. 55920)
Sanjay Narayan (DC Cir. 48545)
Elena Saxonhouse (DC Cir. 56639)
Sierra Club Environmental Law Program
2101 Webster St., Suite 1300
Oakland, CA 94612
(415) 977-5646
greg.wannier@sierraclub.org
sanjay.narayan@sierraclub.org
elena.saxonhouse@sierraclub.org

*Counsel for Sierra Club*

*/s/ Jennifer Yun*[5]
Jennifer Yun (DC Cir. 66550)
Benjamin Chagnon (DC Cir. 65850)
Michael Lenoff (DC Cir. 66374)
Michael Soules (DC Cir. 60570)
1001 G St. NW, Suite 1000
Washington, DC 20001
(202) 745-5210
jyun@earthjustice.org
bchagnon@earthjustice.org
mlenoff@earthjustice.org
msoules@earthjustice.org

Lauren Piette (DC Cir. 66519)
Sameer Doshi (DC Cir. 64549)
311 S. Wacker Dr., Suite 1400
Chicago, IL 60606
(312) 500-2193
lpiette@earthjustice.org
sdoshi@earthjustice.org

Christine Powell (DC Cir. 64908)
Ada Statler (DC Cir. 65969)
180 Steuart St., #194330
San Francisco, CA 94105
(415) 217-2035
cpowell@earthjustice.org
astatler@earthjustice.org

*Counsel for Sierra Club and Urban Core Collective*

---

[5] Counsel represents that the other parties listed in the signature blocks on this document consent to this filing.

*/s/ Danielle C. Fidler*
Danielle C. Fidler (DC Cir. 62486)
Francis W. Sturges, Jr. (DC Cir. 64964)
Veronica Saltzman (DC Cir. 64096)
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(617) 624-0234
dfidler@catf.us
fsturges@catf.us

*Counsel for Michigan Environmental Council*

*/s/ Howard A. Learner*
Howard A. Learner (DC Cir. 61779)
Bradley Klein
Environmental Law & Policy Center
35 East Wacker Dr., Suite 1600
Chicago, IL 60601
T: (312) 673-6500
F: (312) 795-3730
hlearner@elpc.org
bklein@elpc.org

Katherine S. Duckworth
Environmental Law & Policy Center
1008 Floral Ave. SE
East Grand Rapids, MI 49506
T: (312) 673-6500
kduckworth@elpc.org

*Counsel for the Environmental Law & Policy Center, Ecology Center, Union of Concerned Scientists, and Vote Solar*

*/s/ Caroline Reiser*
Caroline Reiser (DC Cir. 62319)
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington DC, 20005
(202) 717-8341
creiser@nrdc.org

Gavin McCabe (DC Cir. 53966)
Natural Resources Defense Council
40 W. 20th St., 11th Floor
New York, NY 10011
(212) 727-4529
gmccabe@nrdc.org

Simi Bhat (DC Cir. 55968)
Karen Chen
Natural Resources Defense Council
111 Sutter St., 21st floor
San Francisco, CA 94104
(415) 875-6110
sbhat@nrdc.org
kchen@nrdc.org

*Counsel for Natural Resources Defense Council*

*/s/ Tomás Carbonell*
Tomás Carbonell (DC Cir 54320)
Ted Kelly
Environmental Defense Fund
555 12th St. NW, #400
Washington, DC 20004
(919) 449-4600
tcarbonell@edf.org
tekelly@edf.org

*Counsel for Environmental Defense Fund*

*/s/ Jason E. James*
Jason E. James
Assistant Attorney General
Illinois Attorney General's Office
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
Phone: (217) 843-0322
Email: jason.james@ilag.gov

*Attorney for State of Illinois*

*/s/ Peter N. Surdo*
Peter N. Surdo
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
(651) 757-1061
peter.surdo@ag.state.mn.us

*Attorney for State of Minnesota*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2025, I have served the foregoing on all registered counsel through the Court's electronic filing system (ECF), or, with permission, via email.

Respectfully submitted,

*/s/ Jennifer Yun*
Jennifer Yun

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Counsel hereby certifies, in accordance with Federal Rule of Appellate Procedure 32(g)(1), that the foregoing motion contains 1,547 words, as counted by counsel's word processing system, and thus complies with the 5,200-word limit. *See* Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font.

Dated: October 10, 2025                     */s/ Jennifer Yun*
                                            Jennifer Yun